IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Submitted on Briefs, January 19, 2001

## STATE OF TENNESSEE, DEPARTMENT OF CHILDREN'S SERVICES V. RC

**Direct Appeal from the Juvenile Court for Loudon County**
**No. 12688-J      Hon. William H. Russell, Judge**

**FILED MARCH 26, 2001**

**No. E2000-01939-COA-R3-CV**

In this action to terminate parental rights, the mother didn't appear for trial and the Trial Court terminated her parental rights. On appeal, she argues her constitutional rights were violated by proceeding to trial in her absence, and termination was not supported by clear and convincing evidence. We affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Juvenile Court Affirmed.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

Melody Daniel Musick, Lenoir City, Tennessee, for Appellant.

Paul G. Summers, Attorney General and Reporter, and Douglas Earl Dimond, Assistant Attorney General, Nashville, for Appellee.

**OPINION**

In this action to terminate the parental rights of RC to her three minor children, the Trial Court terminated the mother's rights, and the mother has appealed.

The issues raised on appeal are:

1.     In order to prevent a violation of appellant's state and federal right to due process, the Juvenile Court should have granted a continuance on behalf of appellant, due to her inability to appear for trial.

2.     Appellant's fundamental liberty interest regarding custody of her minor children was violated, due to the Juvenile Court's termination of appellant's parental rights, since the Department of Children's Services failed to establish by clear and convincing evidence that substantial harm to respondent's children would occur if appellant's parental rights were not terminated.

As to the first issue, the State argues that the mother "has waived her argument raised for the first time on appeal that she was entitled to a continuance of the termination hearing." With due deference to State's counsel, this issue was raised in a Memorandum of Law filed by RC's counsel, subsequent to the trial. However, we find no merit in this issue.

When this case came on for trial on April 10, 2000, RC was not present in court, and the Court inquired of counsel as follows:

THE COURT:     . . . Ms. Loren Plemmons is present in the courtroom an attorney of law by the County Bar. She represents the natural mother of these three children.

MS. PLEMMONS:     Yes, Your Honor.

THE COURT:     It's my understanding from what you told me earlier today, that the natural mother has lost contact, and is not responding to your request?

MS. PLEMMONS:     Yes, Your Honor. My legal assistant, as well as I personally told the mother about this hearing on - - I told her on November the 24th. And of course, she received copies of correspondence where the matter was scheduled with the Court the first letter on December of 1999, so we have not heard from her since that time. And we recently just mailed out letters again reaffirming today's court case.

THE COURT:     And no contact?

Whereupon the Court heard the evidence presented by the State and terminated the mother's parental rights.

Appellant's brief avers that appellant at the time of trial was working in North

Carolina and had no transportation available to Tennessee. Procedurally, the mother did not attempt to seek a continuance nor to present any facts to the Court as to why a continuance was needed. The allegations now proffered in her brief would not, as a matter of law, require the Court to have continued the case. *See State v. Fineout*, No. A01-9701-JV-00582, 1998 WL 792052 (Tenn. Ct. App. Middle Section November 16, 1998).

The Trial Court's judgment provides, in pertinent part:

[T]he Court finds by clear and convincing evidence:

That the three children were all born in wedlock . . . and that the father of the children is now deceased . . . . The mother also was convicted of child abuse of this child, [a half sister of the children] and was sentenced to eleven months and twenty-nine days, which was suspended, contingent upon her participating in counseling. The mother never received counseling for this abuse. Shortly after the conviction she divorced the father, but married him again and lied to the Department for months when asked whether she had re-married him. After her husband's death, she was convicted for domestic violence against a boyfriend, and received a sentence of eleven months and 29 days, suspended if she attended specific counseling, which she has not done.

. . .

[The three children] are all in foster homes where the foster parents are willing to adopt them as soon as possible.

The children have been removed by order of this Court for a period of six (6) months; since July, 1997, and the conditions which led to their removal still persist; further there are other conditions [sic] persist which in all probability would cause the children to be subjected to further abuse and neglect and which, therefore, prevent the children's return to the care of Respondent; there is little likelihood that these conditions will be remedied at an early date so that these children can be returned to her in the near future. The continuation of the legal parent and child relationship greatly diminishes the children's chance of early integration into a stable and permanent home.

The Respondent . . . has failed to comply in a substantial manner with those reasonable responsibilities set out in the permanency plan related to remedying the conditions which necessitate foster care placement; She signed a plan for reunification and a notice of procedures to terminate parental rights attached; this was approved by the Court.

The Foster Care Review Board has recommended that termination is in the

children's best interests.

That Respondent . . . has failed to seek reasonable visitation with the children, and if visitation has been granted, has failed to visit altogether, or has engaged in only token visitation as defined in T.C.A. 36-1-102(1)(D);

That Respondent . . . has failed to manifest an ability and willingness to assume legal and physical custody of the children.

The record before us contains clear and convincing evidence of grounds to terminate RC's parental rights, pursuant to Tenn. Code Ann. §36-1-113(g)(2), (3)(A). There is also clear and convincing evidence that it is in the children's best interest that the parent-child relationship be abolished.

Accordingly, we affirm the judgment of the Trial Court and remand, with cost of the appeal assessed to the appellant.

_____
HERSCHEL PICKENS FRANKS, J.

-4-